EXHIBIT A



**null / ALL**
**Transmittal Number: 24886518**
**Date Processed: 05/09/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Katie Gallagher<br>Lane Powell/Kindercare<br>601 SW 2nd Ave<br>Ste 2100<br>Portland, OR 97204-3158 |
| **Electronic copy provided to:** | Janna Giesbrecht-McKee<br>John Devlin<br>Ms. Etsuko Murozono<br>Troy Hall<br>Darcy Deibele<br>Kelly Johnson<br>Chris Kind |

| | |
|---|---|
| **Entity:** | KinderCare Education LLC<br>Entity ID Number 3614331 |
| **Entity Served:** | Kindercare Education, LLC |
| **Title of Action:** | Bernice Gonzalez vs. Kindercare Education LLC |
| **Matter Name/ID:** | Bernice Gonzalez vs. Kindercare Education LLC (12266259) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV12203 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/05/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brock & Gonzales, LLP<br>310-294-9595 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 04/11/2022 04:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV12203

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Terry Green

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
Bernice Gonzalez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL**

BERNICE GONZALEZ, an individual,

Plaintiff,

vs.

KINDERCARE EDUCATION LLC, a
Delaware limited liability company; and
DOES 1-50, inclusive,

Defendants.

Case No.: 22STCV12203

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**
2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**
3. **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**
4. **RETALIATION IN VIOLATION OF THE FEHA;**
5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**
6. **VIOLATION OF LABOR CODE SECTIONS 98.6 & 1102.5; and**
7. **WRONGFUL TERMINATION/CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY.**

**DEMAND FOR JURY TRIAL**

Plaintiff, BERNICE GONZALEZ, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

1

**COMPLAINT FOR DAMAGES**

## THE PARTIES

1.      At all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Plaintiff, BERNICE GONZALEZ, was an individual and resident of the State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Defendant KINDERCARE EDUCATION LLC was a Delaware limited liability company doing business in the County of Los Angeles, State of California, at 5251 East Las Lomas Street, Long Beach, California 90815. Defendants KINDERCARE EDUCATION LLC and/or DOES 1 through 50 were Plaintiff's employer(s).

3.      Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

4.      Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

5.      Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venturer of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6.      Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

2

**COMPLAINT FOR DAMAGES**

## FACTUAL ALLEGATIONS

7.    Defendant KINDERCARE EDUCATION LLC owns and operates for-profit childcare and education facilities for children from six weeks to 12 years old.

8.    Plaintiff worked for Defendant KINDERCARE EDUCATION LLC for more than 20 years, from on or about September 1, 2000 until Defendant KINDERCARE EDUCATION LLC wrongfully terminated Plaintiff's employment on or about September 29, 2020.

9.    For the majority of Plaintiff's employment, Plaintiff worked in the position of Center Director, overseeing a Defendant KINDERCARE EDUCATION LLC facility. Throughout Plaintiff's employment with Defendant, she was a good employee.

10.    In or around 2017, Plaintiff's sister, who also worked for Defendant KINDERCARE EDUCATION LLC, but at a different facility than Plaintiff, informed Plaintiff of conduct which Plaintiff believed was illegal. Among other things, Plaintiff's sister reported theft, over enrolling children, and employing teachers who were not licensed work at the facility where she worked.

11.    Plaintiff encouraged her sister to follow Defendant KINDERCARE EDUCATION LLC's policies and report the conduct to Defendant KINDERCARE EDUCATION LLC's District Manger, which Plaintiff's sister did. The district manager informed Plaintiff and her sister that she would begin an investigation.

12.    Plaintiff is informed and believes, and based thereon alleges, that no investigation ever took place, as neither Plaintiff nor her sister was contacted by anyone at Defendant KINDERCARE EDUCATION LLC for three months. Plaintiff's sister, therefore, escalated her complaints to Defendant KINDERCARE EDUCATION LLC's Regional Vice President.

13.    Thereafter, Plaintiff's sister and Plaintiff began experiencing retaliation. In regard to Plaintiff, within a few months, she received three coaching forms and a final warning. Plaintiff was then abruptly transferred to a different facility.

14.    In addition, Defendant KINDERCARE EDUCATION LLC began directing Plaintiff to cut staff hours to meet labor budget, which put the facility where Plaintiff worked out of compliance with the teacher-student ratio licensing requirements of California Code of Regulation, Title 22, Section 101416.5(b).

3

**COMPLAINT FOR DAMAGES**

15. At the same time, Defendant KINDERCARE EDUCATION LLC refused to investigate Plaintiff and Plaintiff's sister's complaints and instead tried to cover-up the illegal conduct. Defendant KINDERCARE EDUCATION LLC thus put children in Plaintiff's care in jeopardy and Plaintiff in legal jeopardy.

16. Therefore, on or about January 27, 2019, Plaintiff reported retaliation to Defendant KINDERCARE EDUCATION LLC. She also reported Defendant KINDERCARE EDUCATION LLC to the California Department of Social Services, Community Care Licensing Division. Ultimately, the California Department of Social Services, Community Care Licensing Division "substantiated" Plaintiff's and Plaintiff's sister's allegation, finding Defendant KINDERCARE EDUCATION LLC's conduct posed "*an immediate risk to the health and safety of children in care.*"

17. The retaliation and demands to violate the law, took an emotional and physical toll on Plaintiff. On or about April 12, 2019, Plaintiff's doctor took Plaintiff off work to treat her for the disabilities of depression and anxiety.

18. While Plaintiff was on leave, she became aware of continued violations of teacher-student ratio licensing requirements.

19. In or around August 2020, Defendant KINDERCARE EDUCATION LLC offered Plaintiff a position as a Center Director at a different facility then where she worked. Plaintiff informed Defendant KINDERCARE EDUCATION LLC that she was not yet ready to return to work because of her disabilities and due to the fact that Defendant KINDERCARE EDUCATION LLC continued to be in violation of the law.

20. In response, Defendant KINDERCARE EDUCATION LLC's terminated Plaintiff's employment.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendant KINDERCARE EDUCATION LLC failed to accommodate Plaintiff's disabilities and terminated Plaintiff's employment on account of her disabilities and/or in retaliation for requesting reasonable accommodation and/or for her complaints of Defendant KINDERCARE EDUCATION LLC's illegal activity.

4

**COMPLAINT FOR DAMAGES**

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

22.   On April 8, 2022, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") Plaintiff obtained a "Right-to-Sue" letter from the DFEH that same day. This Complaint is timely filed pursuant to that letter.

<u>**FIRST CAUSE OF ACTION**</u>

**DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

23.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 22 of this Complaint.

24.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

25.   The FEHA requires Defendants to refrain from discriminating against any employee on the basis of disability.

26.   Defendant engaged in unlawful employment practices in violation of the FEHA.

27.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to <u>California Civil Code</u> § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

28.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

29.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

5

**COMPLAINT FOR DAMAGES**

1  fees and costs under <u>California Government Code</u> § 12965(b).

2      30.  The actions taken against Plaintiff were carried out and ratified by officers and

3  managers of Defendant. In addition, Defendant had in place policies and procedures that

4  specifically prohibited discrimination and required Defendant's managers, officers, and agents to

5  prevent discrimination.  However, Defendants chose to consciously and willfully ignore said

6  policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

7  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

8  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,

9  ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should,

10  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

11  be established that is appropriate to punish each Defendant and deter others from engaging in

12  such conduct in the future.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

16      31.  Plaintiff restates and incorporates by this reference as if fully set forth herein

17  paragraphs 1 through 30 of this Complaint.

18      32.  At all times herein mentioned, the FEHA was in full force and effect and was

19  binding on Defendants, as Defendants regularly employed five or more persons.  The FEHA

20  imposes upon employers certain affirmative duties when confronted with an employee who has a

21  disability.

22      33.  Defendants failed to fulfill their affirmative duty to reasonably accommodate

23  Plaintiff.  Defendants' actions were in direct contravention of the FEHA.

24      34.  Plaintiff alleges that with reasonable accommodations she could have fully

25  performed all duties and functions of her job in an adequate, satisfactory and/or outstanding

26  manner.

27      35.  As a direct and legal result of Defendants' discriminatory actions herein referenced,

28  Plaintiff has suffered and continues to suffer general and special damages including but not

6

**COMPLAINT FOR DAMAGES**

1  limited to substantial losses in earnings, other employment benefits, physical injuries, physical

2  sickness, as well as emotional distress, all to her damage in an amount according to proof.

3      36.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

5  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

6  recover attorneys' fees and costs under <u>California Government Code</u> § 12965(b).

7      37.  The actions taken against Plaintiff were carried out and ratified by officers and

8  managers of Defendant. In addition, Defendant had in place policies and procedures to

9  accommodate the disability of its employees.  However, Defendants chose to consciously and

10  willfully ignore said policies and procedures and therefore, their outrageous conduct was

11  fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

12  and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted,

13  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

14  above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each

15  Defendant in an amount to be established that is appropriate to punish each Defendant and deter

16  others from engaging in such conduct in the future.

17  **THIRD CAUSE OF ACTION**

18  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE**

19  **FEHA**

20  **(Against ALL Defendants)**

21      38.  Plaintiff restates and incorporates by this reference as if fully set forth herein

22  paragraphs 1 through 37 of this Complaint.

23      39.  The FEHA makes it unlawful for an employer to fail to engage in a timely, good

24  faith, interactive process with the employee to determine effective reasonable accommodations,

25  if any.

26      40.  Defendants failed to engage in a timely, good faith, interactive process with Plaintiff

27  to accommodate her known disability in violation of the FEHA.

28      41.  As a proximate result of the wrongful conduct of Defendants, and each of them,

7

**COMPLAINT FOR DAMAGES**

1   Plaintiff has suffered and continues to sustain substantial losses in earnings and other

2   employment benefits in an amount according to proof at the time of trial.

3       42.   As a direct and legal result of Defendants' discriminatory actions herein referenced,

4   Plaintiff has suffered and continues to suffer general and special damages including but not

5   limited to substantial losses in earnings, other employment benefits and emotional distress, all to

6   her damage in an amount according to proof.

7       43.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8   has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

9   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

10  recover attorneys' fees and costs under California Government Code § 12965(b).

11      44.   The actions taken against Plaintiff were carried out and ratified by officers and

12  managers of Defendants. In addition, Defendants had in place policies and procedures that

13  specifically required it to engage in the interactive process to accommodate the disabilities of its

14  employees. However, Defendants chose to consciously and willfully ignore said policies and

15  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

16  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

17  Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

18  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

19  awarded exemplary and punitive damages against each Defendant in an amount to be established

20  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

21  the future.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

25      45.   Plaintiff restates and incorporates by this reference as if fully set forth herein

26  paragraphs 1 through 44 of this Complaint.

27      46.   At all times herein mentioned, the FEHA was in full force and effect and were

28  binding on Defendants, as Defendant regularly employed five or more persons. The FEHA

8

**COMPLAINT FOR DAMAGES**

1   makes it unlawful for any person to retaliate against an employee who has requested reasonable

2   accommodation.

3       47.   Defendants' conduct as alleged above constituted unlawful retaliation in violation of

4   the FEHA.

5       48.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

6   actual, consequential and incidental financial losses, including without limitation, loss of salary

7   and benefits, and the intangible loss of employment related opportunities in her field and damage

8   to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

9   claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288

10  and/or any other provision of law providing for prejudgment interest.

11      49.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

12  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

13  as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon

14  alleges that she will continue to experience said physical and emotional suffering for a period in

15  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

16      50.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

17  to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

18  incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

19  fees and costs under California Government Code § 12965(b).

20      51.   The actions taken against Plaintiff were carried out and ratified by officers and

21  managers of Defendants. In addition, Defendant had in place policies and procedures that

22  specifically prohibited retaliation and required Defendant's managers, officers, and agents to

23  prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies

24  and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

25  and was done in wanton disregard of the rights of Plaintiff and the rights and duties owed by

26  each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

27  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

28  awarded exemplary and punitive damages against each Defendant in an amount to be established

9

**COMPLAINT FOR DAMAGES**

that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

52.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 51 of this Complaint.

53.   At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

54.   Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

55.   In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

56.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

57.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

10

**COMPLAINT FOR DAMAGES**

1  believes and thereupon alleges that she will continue to experience said physical and emotional
2  suffering for a period in the future not presently ascertainable, all in an amount subject to proof
3  at the time of trial.

4      58.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced
5  to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to
6  incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorney's
7  fees and costs under California Government Code § 12965(b).

8      59.   The actions taken against Plaintiff were carried out and ratified by officers and
9  managers of Defendants. In addition, Defendant had in place policies and procedures to prevent
10  discrimination and retaliation. However, Defendants chose to consciously and willfully ignore
11  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,
12  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties
13  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,
14  ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should,
15  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to
16  be established that is appropriate to punish each Defendant and deter others from engaging in
17  such conduct in the future.

18                    **SIXTH CAUSE OF ACTION**
19      **VIOLATION OF CALIFORNIA LABOR CODE §§ 1102.5 & 98.6**
20                    **(Against ALL Defendants)**

21      60.   Plaintiff incorporates by reference paragraphs 1 through 59, inclusive, of this
22  Complaint as if fully set forth at this place.

23      61.   At all times mentioned herein California Labor Code § 1102.5 was in full force and
24  effect, and were binding on Defendants, and each of them.

25      62.   California Labor Code § 1102.5(b) prohibits an employer, or any person acting on
26  behalf of the employer, from retaliating against an employee (or a family member) for disclosing
27  information, or because the employer believes that the employee (or a family member disclosed
28  or may disclose information, to a government or law enforcement agency, to a person with

11
**COMPLAINT FOR DAMAGES**

1  authority over the employee or another employee who has the authority to investigate, discover,

2  or correct the violation or noncompliance, or for providing information to, or testifying before,

3  any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable

4  cause to believe that the information discloses a violation of state or federal statute, or a violation

5  of or noncompliance with a local, state, or federal rule or regulation, regardless of whether

6  disclosing the information is part of the employee's job duties.

7      63.  Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if

8  not the sole factor, in Defendants' decision to terminate Plaintiff's employment was because she

9  and/or her sister disclosed unlawful information to a government or law enforcement agency

10  and/or another employee who has the authority to investigate, discover and/or correct the

11  violation and/or Defendants believed he may disclose unlawful information to a government

12  agency and/or because she refused to participate in an activity that would result in a violation of

13  state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or

14  regulation.

15      64.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

16  has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer

17  other actual, consequential and incidental financial losses, in an amount to be proven at trial in

18  excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages

19  together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288

20  and/or any other provision of law providing for prejudgment interest.

21      65.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

22  has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims

23  general damages for such mental and physical distress and aggravation in a sum in excess of the

24  jurisdictional minimum of this court.

25      66.  Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors,

26  who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional

27  manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him,

28  Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums

12

**COMPLAINT FOR DAMAGES**

1  in excess of the jurisdictional minimum of this court.

2      67.   As a result of the acts of Defendants, Plaintiff is entitled to reasonable attorney's

3  fees and costs of said suit as specifically provided in California <u>Code of Civil Procedure</u> §1021.5

4  and California <u>Labor Code</u> § 1102.5.

5      68.   Furthermore, at all times mentioned herein California <u>Labor Code</u> § 98.6 was in full

6  force and effect, and were binding on Defendants, and each of them.

7      69.   California <u>Labor Code</u> § 98.6(a) prohibits and employer from discharging or in any

8  manner discriminate, retaliate, or take any adverse action against any employee or applicant for

9  employment because the employee or applicant engaged in any conduct delineated in certain

10  sections of the <u>Labor Code,</u> including California <u>Labor Code</u> § 1102.5, or because the employee

11  or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be

12  instituted any proceeding under or relating to his or her rights that are under the jurisdiction of

13  the Labor Commissioner.

14      70.   Defendant violated California <u>Labor Code</u> § 98.6.

15      71.   As a result, Plaintiff entitled to reinstatement and reimbursement for lost wages and

16  work benefits caused Defendant, pursuant to California <u>Labor Code</u> § 98.6(b)(1).

17  **<u>SEVENTH CAUSE OF ACTION</u>**

18  **WRONGFUL TERMINATION/CONSTRUCTIVE TERMINATION IN VIOLATION OF**

19  **PUBLIC POLICY**

20  **(Against ALL Defendants)**

21      72.   Plaintiff restates and incorporates by this reference as if fully set forth herein

22  paragraphs 1 through 71 of this Complaint.

23      73.   At all times mentioned, the public policy of the State of California, as codified,

24  expressed and mandated in the FEHA and/or the CFRA and/or California <u>Labor Code</u> Section

25  1102.5 is to prohibit employers from discriminating and retaliating against any individual for

26  engaging in a protected activity. This public policy of the State of California is designed to

27  protect all employees and to promote the welfare and well-being of the community at large.

28  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds

13

<strong>COMPLAINT FOR DAMAGES</strong>

BROCK& GONZALES B&G

1   alleged and described herein were wrongful and in contravention of the express public policy of

2   the State of California, to wit, the policy set forth in the FEHA and/or the CFRA and/or Labor

3   Code Sections 1102.51, and the laws and regulations promulgated thereunder.

4       74.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

5   has suffered actual, consequential and incidental financial losses, including without limitation,

6   loss of salary and benefits, and the intangible loss of employment related opportunities in her

7   field and damage to her professional reputation, all in an amount subject to proof at the time of

8   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

9   and/or any other provision of law providing for prejudgment interest.

10      75.   The actions taken against Plaintiff were carried out and ratified by officers and

11  managers of Defendants. In addition, Defendant had in place policies and procedures that

12  specifically prohibited discrimination and retaliation based on a disability and required

13  Defendant's managers, officers, and agents to prevent discrimination and retaliation against and

14  upon employees of Defendant.  However, Defendants chose to consciously and willfully ignore

15  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

16  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

17  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,

18  ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should,

19  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

20  be established that is appropriate to punish each Defendant and deter others from engaging in

21  such conduct in the future.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For special damages, according to proof;

3. For punitive damages;

4. For medical expenses and related items of expense, according to proof;

5. For loss of earnings, according to proof;

6. For attorneys' fees, according to proof;

7. For prejudgment interest, according to proof;

8. For costs of suit incurred herein;

9. For reinstatement;

10. For declaratory relief;

11. For injunctive relief; and

12. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:    April 8, 2022                     BROCK & GONZALES, LLP

                                            By:    _____

                                                   D. AARON BROCK

                                                   Attorneys for Plaintiff

15

**COMPLAINT FOR DAMAGES**